IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derrick Samuel Champa,<br><br>   Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>   Respondents. | No. CV-15-00560-PHX-ROS<br><br>**ORDER** |

      Magistrate Judge James F. Metcalf concluded Petitioner Derrick Samuel Champa's petition for a writ of habeas corpus should be denied because it is barred by the applicable statute of limitations. Champa disagrees and argues he is actually innocent of one of the charges such that the statute of limitations should not bar review of his claims. The Magistrate Judge's analysis will be adopted with one exception explained below.

      In 2004, Champa was indicted on one charge of conspiracy to commit murder and one charge of attempted first degree murder. (Doc. 12-1 at 4). An amended indictment charged Champa with one count of conspiracy and three counts of attempted first degree murder, one count for each of Champa's alleged victims. (Doc. 12-1 at 8). These charges stemmed from Champa attempted to hire an individual, who was actually an undercover police officer, to kill three people. The transcript of the first conversation between Champa and the officer included a clear indication Champa was attempting to kill three people, a father and his two sons:

      Officer: All right now we got that out of the way. I hear you have

   something you want taken care of.

   Champa: Yes.  Um, couple guys, um basically three guys, two that could be a ways from now, 6, 8, 9, 10 months, a year.

(Doc. 12-1 at 19).

The conversation then continued with Champa and the officer agreeing that one of the sons would be the first to be killed.  In a later conversation Champa changed his mind about the order in which the sons should be killed.  During that conversation, the officer asked about the father:

   Officer: Okay.  And then we've got uh J., is that the father?

   Champa:  Yeah.  I'm hopin he kind of dies with what happens with those guys (laughing).

   Officer: Okay okay.

   Champa: still laughing

   Champa: You know.

   Officer:  The shock of these two?

   Champa:  Yeah.  I hope.  That'd be good.

(Doc. 12-1 at 42-43).

Champa decided to plead guilty to the three counts of attempted first degree murder and the conspiracy charge would be dismissed.  At the change of plea hearing, the court asked an attorney to recite the factual basis for Champa's plea.  The attorney stated:

   On January 30th, 2004, in Maricopa County, the defendant, Derrick Champa, approached undercover police officer, Officer Gibbs and negotiated him—negotiated with him to murder three men . . . .

(Doc. 12-3 at 109).

The court asked Champa "do you avow that is the factual basis as well?"  Champa responded "Yes. Yes, Your Honor."  (Doc. 12-3 at 110).  The court then inquired further "Mr. Champa, you have heard what [the attorney] had to say.  Do you agree all that is

1    true?" Champa responded "Yes, Your Honor." (Doc. 12-3 at 110).

2    Champas's sentencing took place on January 7, 2005. At that hearing, the court
3    noted there were aggravating circumstances in that "there wasn't just one victim in this
4    case but there were three victims." (Doc. 12-3 at 116). Champa did not disagree with
5    this statement. Based on his plea to three counts, Champa was sentenced to a total of 22
6    years imprisonment. (Doc. 12-3 at 117). Over the next decade, Champa repeatedly
7    attempted to obtain post-conviction relief in state court. All of those efforts failed.
8    Champa filed this federal petition on March 27, 2015.

9    As explained in the Magistrate Judge's Report and Recommendation ("R&R"),
10   Champa's federal petition is well outside the one-year statute of limitations. The only
11   argument Champa offers to avoid the statute of limitations bar is that he is actually
12   innocent of the charge based on his alleged attempt to murder the father. Actual
13   innocence can serve to excuse untimeliness. *McQuiggin v. Perkins*, 133 S. Ct. 1924,
14   1935 (2013). There is, however, some debate whether an individual who pleads guilty
15   can later make an actual innocence claim. *Smith v. Baldwin*, 510 F.3d 1127, 1140 n.9
16   (9th Cir. 2007) (assuming without decided that actual innocence claim is available to
17   pleading defendant). Assuming for the moment Champa's guilty plea does not preclude
18   him from pursing an actual innocence argument, his argument is not convincing.

19   The focus of Champa's actual innocence claim is "Count 4" involving his alleged
20   attempt to kill the father. The R&R adopts the view that under Champa's version of the
21   facts, he still "intended to cause the death of [the father], albeit indirectly." (Doc. 15 at
22   15). In other words, the R&R reasons Champa could have been convicted of attempted
23   murder, even if he is correct that his intent was that the father would die from the "shock"
24   of his two sons dying. The Court need not address whether a conviction under that
25   version of the facts would be permissible because the *actual* facts are much more
26   straightforward. During his first conversation with the undercover officer, Champa stated
27   he wanted to have "three guys" killed. At his change of plea hearing, Champa admitted
28   he "negotiated with [the officer] to murder three men." And at his sentencing Champa

did not object when the court explained the sentence would be based on Champa having tried to have three men killed. Champa offers no convincing explanation why the Court should ignore these facts. And, most importantly, Champa does not point to affirmative evidence that establishes "no reasonable juror would convict him of" attempting to murder the father. *Smith*, 510 F.3d at 1140. Champa's actual innocence argument is not convincing and it cannot be used to avoid the statute of limitations otherwise applicable to his federal claims.[1] The Court has reviewed the remainder of the R&R's legal and factual conclusions and finds no error. Therefore, Champa's federal petition must be dismissed as untimely.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 15) is **ADOPTED IN PART as set forth above**.

IT IS FURTHER ORDERED the Amended Petition (Doc. 5) is **DENIED**. The Clerk of Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** a certificate of appealability and leave to proceed in forma pauperis on appeal are denied because dismissal of the petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 9th day of May, 2016.

Honorable Roslyn O. Silver
Senior United States District Judge

---

[1] Champa also argues he is actually innocent of the conspiracy charge. Champa was not, however, convicted of conspiracy. Thus, there is no need to address Champa's various conspiracy-related arguments.